UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRACIELA BERAS,<br><br>        *Plaintiff*,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        *Defendant*. | Civil Case No.: 7:24-cv-7122<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### PRELIMINARY STATEMENT

1. Graciela Beras ("Plaintiff" or "Beras") is a victim of identity theft and unauthorized transactions by unknown perpetrator(s).

2. On January 24, 2024, Plaintiff discovered fraudulent transactions from her savings account and checking account(s) with Defendant ending in x5900 and x6957, respectively, which was linked to her debit card ending in x7921.

3. The amount transferred out of Plaintiff's Account totaled approximately $11,450.00 (the Stolen Funds) for unauthorized transactions to "Fanduelsbksprimary" using Plaintiff's debit card.

4. The transactions were made while Plaintiff was incarcerated for one hundred twenty-eight (128) days, or from September 13, 2023 to January 19, 2024, and, thus, had no access to her debit card.

5. Plaintiff promptly, upon discovering the transactions, and repeatedly contacted Defendant regarding the disputed transaction(s) and provided supporting documentation, but to no avail.

6. Plaintiff brings claims against Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") for violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"),

Negligence, and Conversion.

## JURISDICTION AND VENUE

7. The Court has jurisdiction pursuant to 15 U.S.C. § 1693 *et seq*., and 28 U.S.C. § 1331.

8. Supplemental jurisdiction exists for the state law claim(s) pursuant to 28 U.S.C. § 1367.

9. Jurisdiction over Plaintiff's claim for declaratory relief is conferred by 28 U.S.C. § 2201.

10. Venue is proper in this District because Plaintiff resides in this District, a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendant Wells Fargo Bank, N.A. regularly conducts business here.

## PARTIES

11. Plaintiff Graciela Beras is a natural person and citizen of the United States residing in Sullivan County, NY.

12. Plaintiff is a "consumer" as defined by each of the relevant statutes. At all times relevant, Plaintiff's checking and savings accounts with Defendant were used for personal, family, or household purposes.

13. Defendant Wells Fargo Bank, N.A. is a national banking association formed under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by EFTA, 15 U.S.C. § 1693a(9).

## FACTUAL ALLEGATIONS

14. Plaintiff owns a Wells Fargo checking account ending in x6957 and a savings account x5900. The checking account is linked to a debit card ending in x7921 ("Debit Card").

15. Between September 2023 and October 23, 2023, Plaintiff's Debit Card was used for transactions with a similar merchant, "Fanduelsbkprimary", and payment varying between $25.00 to $1,000.00.

16. In total, the transactions took out close to $11,450.00 from Plaintiff's account.

17. Plaintiff did not authorize any of these transactions, nor was she aware that her debit card was being used to make them.

18. Between September 13, 2023, and January 19, 2024, or for one hundred and twenty-eight (128) days, Plaintiff was imprisoned. During the period of incarceration, Plaintiff had no access to her personal belongings, including her Wells Fargo accounts and debit card.

19. On or about January 24, 2024, Plaintiff discovered the stolen funds and fraudulent transactions.

20. Immediately, Plaintiff contacted Defendant and filed a claim regarding a charge on September 26, 2023, amounting to $100, Claim No. 1012524T144 ("First Claim"), transacted while Plaintiff was in prison and had no access to all her Wells Fargo accounts and debit card.

21. In a Letter dated January 25, 2024, Defendant denied the First Claim and it concluded that the $100 charge was authorized by the Plaintiff.

22. Plaintiff then filed a separate dispute, Claim No. 1022124T162 ("Second Claim"), for charges totalling $7,552.65.

23. Without clear explanation, Defendant denied the Second Claim through its Letter dated February 23, 2024.

24. Further, Plaintiff filed a third dispute with defendant Wells Fargo on February 16, 2024, for withdrawals/transactions amounting to $9,848.68, and was assigned as Claim No. 30216240145 ("Third Claim").

25. In a Letter dated March 1, 2024, Defendant denied Plaintiff's Third Claim after concluding that the charges worth $9,848.68 from the checking account were authorized.

26. Plaintiff appealed Defendant's denial on March 7, 2024, but Defendant stood by its decision to deny the Third Claim. Thus, Plaintiff was not reimbursed the $9.848.68 taken from her checking account.

27. On May 14, 2024, Plaintiff reported the fraudulent transactions with the Sullivan County Sherriff's Office, recorded as Incident No. 213829.

28. Since discovering these transactions in January 2024, Plaintiff relentlessly communicated with Wells Fargo through calls and emails. In total, Plaintiff filed three separate claims with Wells Fargo, as follows:

29. Despite the physical impossibility for Plaintiff to make these transactions during the period when charges took place, Defendant considered all these as valid and authorized, to the detriment of Plaintiff's finances.

30. Up to this date, Defendant disregarded all of these despite Plaintiff's evidence showing that the withdrawals and transactions were unauthorized and fraudulent.

## CAUSE OF ACTION

**Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq*.**

31. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

32. Per the EFTA, Regulation E, and Regulation E's Official Interpretations, Defendant bears the responsibility for unauthorized transfers and withdrawals such as the ones in question.

33. Pursuant to 15 U.S.C. § 1693g(a), "Unauthorized electronic fund transfers; limit" states in relevant part as follows:

> In no event. . . shall a consumer's liability for an unauthorized transfer exceed the lesser of-

(1) $50; or

(2) the amount of money or value of property or services obtained in such, unauthorized electronic fund transfer prior to the time the financial institution is notified of, or otherwise becomes aware of, circumstances which lead to the reasonable belief that an unauthorized electronic fund transfer involving the consumer's account has been or may be effected.

34. Thus, the consumer's liability for unauthorized use is generally capped at a maximum of $50 for unauthorized transfers.

35. This cap is increased to $500 dollars where the consumer waits more than two business days after becoming aware of the unauthorized transaction to notify the financial institution. 15 U.S.C. 1693g(a)(2).

36. The rules are elucidated in Regulation E, 12 C.F.R. § 1005.6(b):

(b) Limitations on amount of liability. A consumer's liability for an unauthorized electronic fund transfer or a series of related unauthorized transfers shall be determined as follows:

(1) Timely notice given. If the consumer notifies the financial institution within two business days after learning of the loss or theft of the access device, the consumer's liability shall not exceed the lesser of $50 or the amount of unauthorized transfers that occur before notice to the financial institution.

(2) Timely notice not given. If the consumer fails to notify the financial institution within two business days after learning of the loss or theft of the access device, the consumer's liability shall not exceed the lesser of $500 or the sum of:

(i) $50 or the amount of unauthorized transfers that occur within the two business days, whichever is less; and

(ii) The amount of unauthorized transfers that occur after the close of two business days and before notice to the institution, provided the institution establishes that these transfers would not have occurred had the consumer notified the institution within that two-day period.

37. Denials based on a consumer's alleged negligence are expressly prohibited under the EFTA's implementing regulations. See Consumer Financial Protection Bureau, Comment for 1005.6 Liability of Consumer for Unauthorized Transfers, 6(b)(2) ("Negligence by the consumer cannot be used as the basis for imposing greater liability than is permissible under Regulation E. Thus, consumer behavior that may constitute negligence under state law, such as writing the PIN on a debit card or on a piece of paper kept with the card, does not affect the consumer's liability for unauthorized transfers.").

38. Defendants' stated basis for denial is invalid under the EFTA.

39. The EFTA places the burden of proof on the financial institution to demonstrate that challenged transfers were authorized. 15 U.S.C. § 1693g(b).

40. Defendant Wells Fargo Bank, N.A. cannot meet its burden of proof here, where Plaintiff Graciela Beras:

   a. Promptly disputed the transactions;
   b. Provided details regarding the theft of her card;
   c. Although she has a criminal history, such is unrelated and far remote from the current case;
   d. Has no history of filing false disputes; and
   e. The thefts are inconsistent with Plaintiff's pattern of use.

41. Defendant Wells Fargo Bank, N.A. also violated the EFTA by failing to provide any meaningful explanation of the grounds upon which it relied in denying Plaintiff's claim. 15 U.S.C. § 1693f(d). *See* CFPB Supervisory Highlights, Issue 22, Summer 2020, Section 2.3.3 ("Financial institutions must go beyond just providing the findings to actually explain or give the reasons for or cause of those findings.").

42. Defendant Wells Fargo Bank, N.A. also violated the EFTA by failing to provide Plaintiff Graciela Beras with notice of her right to request reproductions of all documents which Defendant relied on to conclude that an error did not occur, as required under 15 U.S.C. § 1693f(d).

43. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages, including but not limited to past and future monetary loss, past and future mental distress, emotional anguish, and other damages that will be presented to the trier of fact.

44. Defendant Wells Fargo Bank, N.A. did not conduct a good faith investigation regarding the stolen funds.

45. Defendant Wells Fargo Bank, N.A. did not have a reasonable basis for believing the account was not in error based on the evidence Plaintiff Graciela Beras provided to Defendant Wells Fargo Bank, N.A.

46. Specifically, Defendant's conduct as set forth herein constitutes a failure to investigate in good faith and a failure to establish a reasonable basis for believing that Plaintiff's account was not in error, and also constitutes a knowing and willful conclusion that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the available evidence, and for this reason constitutes a violation of 1693f(e), entitling Plaintiff Graciela Beras to treble damages in addition to all other relief sought herein.

47. As a direct and proximate result of Defendant's violations of the EFTA, Plaintiff is entitled to declaratory judgment, actual damages, statutory damages, treble damages, costs and reasonable attorneys' fees.

## **CAUSE OF ACTION**

### **Negligence**

48. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

49. As customers of Defendant Wells Fargo Bank, N.A., Defendant Wells Fargo Bank, N.A. owed Plaintiff Graciela Beras a duty of reasonable care.

50. Defendant Wells Fargo Bank, N.A. breached that duty by failing to take reasonable efforts to protect the Account from fraudulent activity and to ensure that the Account was not used for illegal and improper activity.

51. In particular, Defendant Wells Fargo Bank, N.A. breached its duty to exercise reasonable care by not preventing or flagging as suspicious the Unauthorized Transfer(s) without confirmation from Plaintiff Graciela Beras.

52. Defendant's conduct harmed Plaintiff Graciela Beras because Plaintiff Graciela Beras did not authorize the Unauthorized Transfer(s), yet the transfer(s) were processed.

53. As a direct and proximate result of Defendant's conduct, Plaintiff Graciela Beras suffered actual damages, including but not limited to past and future monetary loss, past and future emotional distress and anguish, and other damages that will be presented to the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seek(s) judgment in her favor and damages against Defendant:

A. awarding Plaintiff actual damages, treble damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees; and

B. such other and further relief, including equitable and declaratory relief, as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demand(s) a trial by jury of all issues triable by jury.

Dated: September 19, 2024

*/s/H. Cooper Ellenberg*
H. Cooper Ellenberg
Schlanger Law Group, LLP
60 East 42nd Street
46th Floor
New York, NY 10165
T: 212-500-6114
F: 646-612-7996
E: hellenberg@consumerprotection.net

*Attorney for Plaintiff*